# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

Michael L. Sparks
      Plaintiff Pro-se

Case No.: 17-1015

FILED

JAN 1 3 2017

CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Vs.

Madison County Illinois Officials
and Employees, Judicial Circuit
Court Judge Chales Romani, Judicial
Circuit Court Judge Kyle Napp,
Assistant States Attorney Don Weber
      Defendants

Complaint

Jury Trial Demand

## PRELIMINARY STATEMENT

This is a civil action filed by Michael L. Sparks, a state prisoner, for damages, declaratory and injunctive relief under 42 U.S.C. Section 1983 and 28 U.S.C. Section 2283, alleging procedural and substantive Due Process violations under the 5th 6th 8th and 14th Amendments to the United States Constitution. The Plaintiff also alleges state torts of judicial misconduct and prosecutorial misconduct under 720 ILCS 5/32-3,4 and Federal torts under 28 U.S.C. Section Appendix.

## JURISDICTION

The Court has jurisdiction over the Plaintiff's claims of federal constitutional rights under 42 U.S.C. Sections 1331 (a) and 1343.

The Court has supplemental jurisdiction over the plaintiff's State law tort claims under 28 U.S.C. Section 1367.
2201 & 2202

The Court has Jurisdiction under the Supremacy Clause of the Constitution and Title 28 U.S.C. Section 2283

<u>PARTIES</u>

Plaintiff, Michael L. Sparks was incarcerated at the Madison County Illinois State Jail and Menard Correctional Facility (Illinois Department of Corrections) during the events described in this Complaint

1. Defendants Charles Romani and Kyle Napp are judicial officers employed by Madison County Illinois Circuit Court (Third Judicial Circuit). They are being sued in their individual and official capacity.

2. Assistant States Attorney Don Weber is an employee of the States Attorney's Office for the State of Illinois for the County Madison

3. Defendants Charles Romani, Kyle Napp, and Don Weber are being sued in their individual and official capacity for crimes against the Plaintiff under state and federal laws and for violation of the plaintiffs Constitutional rights under the Constitution of the United States, and for irreparable damages against the plaintiff, the Judiciary, the public, and society.

4. LT. COLLMAN MADISON, COUNTY SHERIFF DEPARTMENT OFFICERS AND EMPLOYEES RESONSIBALE ILLEGAL PLACEING OF STUN BELT ON ME (MICHAEL SPARKS), DURING MY CRIMINAL TRIAL IN VIOLTION OF MY 5th, 6th AND 14th AMENDENTS TO U.S. CONSTITION. SEE C-00498

## STATEMENT OF THE FACTS

5. The Petitioner Michael L. Sparks is a 74 year old Honorably Discharged Vietnam War Veteran.

6. During trial the Petitioner was forced to wear a stun-belt violating the petitioner's right to a fair, just and impartial trial, equal protection of the laws, and Due Process (U.S. Const. Amends 5, 6, 14)

7. During trial the Petitioner was forbidded to use Expert Witness Testimony, violating the petitioner's rights to Due Process and a Fair, just and impartial, trial, and equal protection of the laws (U.S. Const. Amend 5, 6, 14)

8. During trial the State Prosecutor illegally obtained and presented to the Court third party witness testimony from Manuel Tomerlin and the Trial Court Judge Romani allowed the illegal introduction of perjury to the jury causing prejudice and injurous effect to the defense, in violation of the petitioner's rights to Due Process, Fair just and impartial trial, and equal protection of the laws (U.S. Const. Amends 5, 6, 14)

9. The Trial was infected and the verdict from the jury cannot stand. The jury entered a verdict of guilty condeming the petitioner in violation of the petitioners rights to Due Process, Fair Trial, Equal Protection (U.S.C.A. 5, 6, 14)

10. The Trial Judge Charles Romani entered the judgment of conviction and sentence against the petitioner in violation of the Petitioner's rights to Due Process, Fair just and impartial trial, and Equal Protection of the laws. Judge Charles was in violation of the Judicial Code at the time of trial.

( 61 )

11. The Petitioner appealed to the fifth District Appellate Court. The Appellate Court denied the petitioner's appeal and affirmed the conviction and sentence entered by the trial Court Judge Charles Romani.

12. The Petitioner filed in the Trial Court (Third Judicial Circuit of the State of Illinois) a post-conviction petition pursuant to the Statute 725 ILCS 5/122-1(f) in May 24, 2007.

13. The Trial Court Judge Charles Romani denied the petitioner's post-conviction petition in May 22, 2009. Trial Court Judge Charles Romani continued to be in violation of the Judicial Code and continued to violate the petitioner's rights to Due Process, Fair just and impartial proceedings, and Equal Protection of the laws.

14. The Petitioner appealed to the fifth District Appellate Court. The Appellate Court entered an Order Reversing the trial Court Judge Charles Romani's decision and Remanded the case back to the trial court with directions.

14. The Petitioner presented newly discovered evidence supporting the Petitioner's claim that the Trial Court Judge Charles Romani had been bias and prejudice during trial.

Trial Judge Charles Romani recused himself from the case.

15. Judge Kyle Napp stepped in the case and adopted the Trial Court Judge Charles Romani's decisions made during the the trial and dismissed the Petitioner's post-conviction petition continuing to violate the Petitioner's rights to Due Process, Fair just and impartial Trial, and Equal Protection of the laws and Judge Kyle Napp was in violation of the Judicial Code at the time.

16. The Defendants individually injured the plaintiff directly and indirectly by promoting crime against the public for the exchange of perjury. Encouraging Murder and Attempted Murder with great bodily harm with very little penalty or no penalty at all for the exchange of perjury infront of jury and against the plaintiff.

17. The Defendants individually and jointly injured the public Madison County Judiciary and the lives of the people directly and or indirectly causing crimes against the Court of the State of Illinois or its Judiciary by promoting crimes with little or no punishment to Serial Criminals – Murderers. Directly promoting perjury and committing the crime of perjury.

## EXHAUSTION OF LEGAL REMEDIES

A.~      Plaintiff entered a plea of not guilty and demanded Trial by jury. During Trial the Plaintiff requested Expert witness and was denied. During Trial the jury relied on visual stun belt forced on the plaintiff and influenced by perjury. The jury entered a finding of guilt and Defendant Charles Romani sentenced the plaintiff to a sentence of 35 years imprisonment. The Plaintiff appealed to the fifth District Appellate Court for the State of Illinois. The Appellate Court denied the appeal. The Plaintiff filed a post-conviction petition which was denied by Defendant Charles Romani. The Plaintiff appeal to the fifth District Appellate Court. The Appellate Court reversed Defendant Charles Romani's decision and remanded the case back to the Trial Court. The Plaintiff using diligence made request under Freedom of Information Act and obtained newly discovered evidence of illegal acts being committed by the judiciary and its officials and employees. The Plaintiff filed a Complaint with the State of Illinois Judicial Inquiry Board. Defendant Charles Romani recused himself from the Plaintiff's Case. Defendant Kyle Napp stepped in as judge and denied the Plaintiff's post-conviction petition adopting the recused Defendant Charles Romani's judgments. The Plaintiff exhausted all Illinois State remedies and is now seeking relief in the United States District Court for relief by Habeas Corpus still pending.

# LEGAL CLAIMS

B.—(1) Prior to the plaintiff trial Defendants Charles Romani Kyle Napp and the Madison County Officials and Employees cultivated a historic relationship with Manuel Tomerlin (Not a Defendant) inducing perjury and testimony in return for favorable bargains, in violation of Illinois State Statute 720 ILCS 5/32-3.4 in violation of Illinois State Constitution in violation of ~~United States Code~~ Title 28 Section Appendix. The Defendants paid Manuel Tomerlin to produce convictions for cases violating the Due Process of the judiciary system, the laws of the State, violating rights of persons under the Equal Protection of the laws, and under the United States Constitution Amendments 4, 5, 6 and 14.

B(2)—    During the Plaintiff's trial the Plaintiff was forced to to wear a stun-belt introducing the appearance of impropriety and bias against the plaintiff inducing the jury to a prejudice impression against the Plaintiff violating the Plaintiff Substantive Due Process rights and the Plaintiff Due Process rights under the 14th Amendment to Equal Protection of the laws. The Defendants Madison County Officials and Employees directly violated the Plaintiff Due Process Rights and Defendant Charles Romani directly and with Knowledge of the illegal acts continued to violate the Plaintiff rights during trial and refused or denied relief.

B-3  During the Plaintiff's Trial Defendant Charles Romani violated the Plaintiff's Procedural Rights denying the Plaintiff an Expert Witness and proceded to violate the Plaintiff's Substantive Due Process rights by continuing to prosecute the Plaintiff when the Plaintiff Procedural Due Process rights under the United States Constitution Amendment 6 violating the Process of obtaining a witness in the Plaintiff's favor, and failed to provide the Equal Protection of the laws under U.S Const. Amend 14.

B-4  During the Plaintiff's trial Defendant Don Weber bribed multiple persons to fabricate allegations against the Plaintiff and or induced the fabrications by bribing multiple persons. The Defendant Don Weber knew or should have known that bribes, bargains and or promises would be influencing or inducing and or promoting illegal actions and or introducing illegal actions.

B-5  During the Plaintiff's Trial Defendants Don Weber, Charles Romani and Manuel Tomerlin (Not a Defendant) conspired against the Plaintiff. Defendants Don Weber and Manuel Tomerlin (Not a Defendant) and Charles Romani met and made an agreement where Defendants influence or induced Manuel Tomerlin to fabricate allegations in Perjury in substance to be presented to the jury and against the Plaintiff to produce a conviction or induce or mislead the jury to convict the Plaintiff in violation of the Illinois Statute 720 ILCS5/32-3.4 by inducing false testimony in return for a bargain or favorable intrest.

B-6    During the Plaintiff's trial Defendants Don Weber and Charles Romani used a cultivated historic relationship of bribes or bargains with Manuel Tomerlin (not a defendant) to violate the Plaintiff's Procedural Due Process rights enacted under the United States Constitution Amendment 4 and 6 and 14 arbitrarily violating the Procedural Fair Trial rights and denying the Equal Protection of the laws.

B-7    During the Plaintiff's Post-Conviction Petition the Defendant Charles Romani continued to violate the Judiciary code and Federal Statute under ~~Title 28 United States Code Section Appendix~~ Rule 63 ~~Canon 3~~ having a historic cultivated relationship with illegal actions bribes or bargains to induce or influence testimonies or convictions with the appearance of impropriaties and perjury, continued to conceal the illegal actions by denying Post-Conviction relief. The Fifth District Appellate Court reversed the decision and remanded the matter back to the Trial Court where the Plaintiff presented substantiating evidence supporting the violation of the Judiciary Code and or United States Code ~~Title 28 Section Appendix~~ Rule 63 ~~Canon 3~~ which caused the recusal of defendant Charles Romani from the Plaintiff's case.

B-8    During the Defendant Charles Romani's recusal from the Plaintiff's case Defendant Kyle Napp continued to violate the Plaintiff's Procedural and Substantial Due Process rights by adopting the Defendant Charles Romani's

8-9- judgments made during the Plaintiff's trial. Defendant Kyle Napp sitting as subtitute judge knew or should have known that the trial judge Defendant Charles Romani had recused himself or was forced to recuse himself from the Plaintiff's case. Defendant Kyle Napp was in the position to provide Post-Conviction relief to the Plaintiff but chose to continue with the bias and illegal actions and or adopting the illegal actions, violating the Plaintiff's rights under the Equal Protection of the laws.

8-10-      The Defendants Madison County Illinois Officials and Employees continue to injure the Plaintiff with depriving the Plaintiff of liberty in violation of the Plaintiff's Procedural and Substantive Due Process Rights. The Defendants will continue to injure the Plaintiff society and it's Judiciary unless this Court grants the injunctive relief which the Plaintiff seeks.

8-11-      The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the illegal conduct of the defendants unless this court grants the injunctive relief which the Plaintiff seeks.

8-12-      During the Plaintiff's trial Defendant Kyle Napp stepped in the dark contributing bias and prejudice by negligence or knowledge in adopting Defendant Charles Romani's illegal actions

B-13  in trial into Post Trial Conviction Procedures having Knowledge of
the recusal of Defendant Charles Romani from the Plaintiff's case,
the defendant Kyle Napp entered a totally unfamiliar case without
ascertaing whether there were any obstacles for safe progress,
knowing the existing bias and prejudice against the plaintiff
and did nothing to correct the affecting the substantial rights
of the Plaintiff

B-14      During the Plaintiff's Trial Defendant Don Weber mislead the jury
with erroneous disclosure and or failed to make full disclosure of
the evidence in time for the Plaintiff to make use of it during trial.
Defendant Don Weber disclosed that the serial felon's testimony
Manuel Tomerlin (not a defendant) was admissible disclosing that
the serial felon would still be serving UP TO a 20 year sentence when
infact Defendant Don Weber had induced a testimony and promised
to release the serial felon from his own First Degree Murder
case in return for testimony against the plaintiff reasonably
probable that tending to show that his testimony against the
plaintiff would result in his near immediate release. Defendant
Don Weber violated State law in inducing a testimony and
committed Prosecutorial misconduct by withholding the evidence.

B-15      That the Defendants cultivated a historic relationship with
a serial criminal encouraging illegal acts with the exchange of releasing
the Serial Criminal over and over from 1978 through 2012 on felony charges
for the exchange of perjury to obtain convictions. The defendants' historic
relationship with the serial criminal encouraged Murder and attempted murder
society, the public, and the Plaintiff have been permanantly injured by the Defendants.

## RELIEF REQUESTED

A,    WHEREFORE, Plaintiff request that this Court grant the following relief :

   A. Issue a declaratory judgment stating that.
      1. The judicial misconduct by defendant Charles Romani violated the United States Code Title 28 section Appendix and infected the Plaintiff's trial violating the Plaintiff rights under the 14th amendment of the United States Constitution, and or alternative relief of declaring the defendants in violation of State And Federal law.
      2. The Prosecutorial Misconduct by defendant Don Weber violated Illinois State Law under 720 ILCS 5/32-3.4 and Federal law under Rule 51(b) and the plaintiff right to defend and fair trial violating the Plaintiff's rights under the 6th and 14th amendments of the United States Constitution.

      3. The Prosecutorial Misconduct and Judicial Misconduct by defendant Kyle Napp violated Illinois State Law under 720 ILCS 5/32-3.4 and the Federal law under the United States Code Tiltle 28 section Appendix violating the Plaintiff's rights to a fair and impartial trial and rights to the equal protection of the laws in violation of the plaintiff's rights under the 6th and 14th amendments of the United States Constitution.

      4. Defendants Madison County Officers and Employees

forcing the Plaintiff into a stun-belt during trial violated the Plaintiff's rights under the 6th and 14th amendments of the United States Constitution.

B(1) Issue an injunction ordering defendants Charles Romani, Kyle Napp, Don Weber and Madison County Officers and Employees to immediately stop their illegal prosecution against the Plaintiff and release the Plaintiff from imprisonment from their illegal judgments and sentence, and or alternative relief granting criminal indictment against the defendants for violating State laws.

2) Immediately arrange the return of the Plaintiff back to where he was before the illegal acts of defendants returning the commodity of Liberty to the Plaintiff, alternative relief granting federal indictments and State indictments against the Defendants' Criminal acts.

C. Award punitive damages in the following amounts:

1) $3,000,000.00 each against defendants Charles Romani, Don Weber, and Kyle Napp

2) $2,000,000.00 each against defendants Madison County Officers and Employees.

D. Grant such other relief as it may appear that Plaintiff is entitled, Criminal Complaint against Defendants

E. Grant a Merit Review Hearing

Dated 11-14-2016

Respectfully Submitted

X _Michael L Sparks_ Pro-Se

Michael L. Sparks

# K98355

Hill Correctional Center

P.O. Box 1700

Galesburg, Illinois

61402

To Whom it may concern.

I would like for you to know Michael L Sparks, #K98355, SS# 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 who has worked most of his adult life. He has paid taxes and was a very productive citizen in Madison County, IL.. I worked for McDonald Aircraft in St. Louis, Mo. which changed hands twice and is recently known as Boeing Aircraft for 32 years and retired from there. I also served for my Country in Viet Nam from 1967 to 1968. U.S. Military # US56582725 as a Crew Chief on a UH1C Helicopter Gunship.

I have owned and built three homes in Madison County, IL. In 1963 I resided at 2658 Adams, Granite City, IL. My second home I built in 1971, a 17 acre ranch in Carpenter, IL., and my most recent home was a 50 acre ranch at 7905 N.S. Rt. 159 Moro, IL., and lived there until my incarceration in 2000. Owning a horse ranch, I trained race horses and was very successful for 25 years. The reason for the information above is to let you know the human aspect of Michael L Sparks who was falsely

D.O.B 2-27-42

convicted of 1st degree murder.

Manuel M Tomerlin, #A97572 who has been in the criminal system from 1978 to 2015. He has been convicted 22 times for crimes ranging from Home Invasion to 2nd degree murder, and is the main reason for my conviction. Mr Tomerlin is a jailhouse informant who gave false information which caused my incarceration. Nathaniel Fields was acquitted after U.S. Federal District Judge Matthew Kennelly found overwhelming evidence that showed court officials knowingly used tainted and perjury testimony from a similar jailhouse informant named Earl Hawkins in 2015, case # 10-c-1168. When you follow my case closely you will see the similarities in both cases and realize that also I should be acquitted as soon as possible. Mr Tomerlin and the prosecutor informed the jury that Mr. Tomerlin could possibly serve 20 years in prison for 2nd degree murder, but after his testimony on my case he spent not one day in prison and was released. Mr. Tomerlin again was

arrested in 2007 for a Felony weapons charge case # 07CF944. Therefore by bias intent my Constitutional Rights have been clearly violated. This is the main reason why I am incarcerated and Mr. Tomerlin a habitual criminal is now free. After reviewing my case you will see that I am very capable of supporting myself being eligible for Social Security Self Supporting Program and other benefits. You will see that I am most certainly not a threat to society as Mr. Tomerlin surely is. Why am I still in prison? With your assistance I will be able to regain my freedom.

Thank-you

Michael L Sparks #K98355
PO Box 1700
Galesburg, IL 61402

Michael L Sparks

Page 2 of 2



Michael Sparks #K98355
Hill Correctional Center
600 South Linwood Road
P.O.Box 1700
Galesburg, IL 61402-1700
September 22,2016


RE: Case No. 3:14-cv-01044-MJR-CJP


To whom it may Concern:

    This letter is in regard to a grave injustice perpetrated against me by corrupt judicial officials of Madison County, Illinois. I did not receive a fair trial which subsequently led to my wrongful imprisonment, and its unethical cover-up by Judge Charles Romani, Assistant State's Attorney Kyle Napp, and Assistant State's Attorney Don Weber. <u>The record supports these factual accusations</u>, and with your help I can obtain the post-trial relief afforded me by the United States Constitution, and ultimately regain my freedom.

    Judge Romani and ASA Weber, <u>disregarded my constitutional due process right to a fair trial by a fair and neutral judge</u> when Manuel Tomerlin, a notorious jailhouse informant was allowed to take the stand and commit perjury. In exchange for his false testimony against me, Tomerlin never spent a day in prison for his crimes of First-degree Murder and Attempted Murder. He made a one-of-a-kind deal with ASA Weber and Judge Romani, in which he pled guilty to Second-degree Murder and Armed Violence, and received a concurrent ten (10) year sentence. Additionally, Tomerlin was awarded 796 days of time-served on top of day-for-day good time. See, Pleas and Sentencing Record #00-CF-2879.

    In a similar case, Madison County was severely scrutinized and reprimanded by the Illinois Appelate Court for their use of a jailhouse informant's perjured testimony. See, People v. Brown, 831 N.E.2d 1113 (Ill.App.Ct.2005). In another case, Nathaniel fields was aquitted after U.S. Federal District Judge Matthew Kennelly found overwhelming evidence that court officials knowingly used tainted and perjured testimony from a jailhouse informant who claimed Fields admitted guilt to him. See, 10-C-1168 U.S.District Court, Northern District of Illinois. My circumstance is eerily similar

1

to Fields'. ASA Weber intentionally used Tomerlin's perjured testimony
during my trial, and misled the jury into believing he would serve time
in prison for his crimes regardless of his testimony against me.

    The facts mentioned in this letter alone are basis for a new trial.
See, pg.55 of Michael Sparks' Federal Habeas Corpus Petition #3:14-cv-
1044-MJR-CJP. See also, reference cases: 91-CF-506, 99-CF-2511, 00-CF-2879,
January 27,2003; Record of Proceedings from 1978-2007, that show Judge
Romani and ASA Weber collaborating with Tomerlin in several different
trials. The record convincingly favors my aquittal just as Fields was
aquitted. Tomerlin never spent a day in prison in exchange for his false
testimony against me! See also, Case No. 99-CF-2511, March 6,2000, where
the judge told Tomerlin: "you're free to go" after he testified in a
different trial.

    A fair and neutral judge has never held a hearing or ruled on the
merits of the facts shown in the Report of Proceedings from 1978-2007,
for Manuel Tomerlin. He has been allowed to repeatedly make a mockery
of the Illinois judicial syastem by giving false testimonies to convict
innocent people for more than 20 years!

    Some things are just simple and irrefutable. To have a fair trial
in a fair tribunal is a basic requirement of due process. U.S.C.A. Const.
Amend.14. "Fairness at trial requires not only the absence of actual
bias, but also the absence of the probability of bias". U.S.C.A. Const.
Amend.14. People v. Hawkins, Illinois Supreme Court. Every procedure
which would offer a possible temptation to the average man as a judge
to forget the burden of proof required to convict the defendant, or which
might lead him not to hold the balance nice, clear, and true between
the state and the accuses denies the latter due process of law. U.S.C.A.
Const.Amend.14.

    All the above are quoted words of the Supreme Court of Illinois,
per People v. Hawkins, 181 Ill.Dec.924, 690 N.E.2d 999, and United States
Supreme Court, 520 U.S._____, 117 S.Ct. at 1797; In re Murchison, 349
U.S. at 136.

    In my case, People v.Sparks, 00-CF-2229, and Response of 14-1044-
MJR, filed on 11/09/15, there is an actively cultivated personal interest
in the outcome of the case on behalf of the trial judge, the state's
attorney, and Manuel Tomerlin. See, Report of Proceeding Pleas and Sentence
between my trial Judge Charles Romani, ASA Don Weber, and Manuel Tomerlin,

2

that started in 82-CF-71[ASA Weber], and 86-CF-0873, 11/6/86[Judge Romani and ASA Weber].

This actively cultivated personal interest went on through 00-CF-2879, Report of Proceedings, January 27,2003[Judge Romani, ASA Weber, and manuel Tomerlin]. Specifically, pg.17...

Line 1 (defendant Tomerlin): "Just one second"

Line 2 (the court): "uh-uh"

Line 5 "another sister died just last week"

Line 6 "and they want to take him beack to---"

Line 7 (discussion had off record)

Line 8 (end of proceedings on this date)

Tomerlin is used to hearing Judge Romani say "okay you are free to go" (pg.3 line 23 of 99CF2511, Report of Proceedings, October 23,2000) and again "you are free to go" (pg.8 line 6, Report of Proceedings, March 6,2000, 99CF2511). See also, Judgement and Sentence (Judge Romani). Tomerlin was on the street again, 4/16/2007 under 07-CF-944 (Felon Poss/use of firearm prior count 2, count 1 MFG/DEL, Judge Romani. projected outdate 1/16/2012 (out again?). Record of Proceedings from 1978-2007, that show judge Romani and ASA weber collaborating with Tomerlin in several cases. This is clearly bias and not a fair tribunal which is a basic requirement of due process.

I, Michael L. Sparks, was denied my due process rights to a fair trial and a judge to hold the balance nice, clear and true between the state and the accused, showing a substantial deprivation of my constitutional rights to a fair trial.

Thank you for your time and patience.


*Michael L Sparks*

Michael Sparks #K98355
Hill Correctional Center
600 south Linwood Road
P.O.Box 1700
Galesburg, IL 61402-1700

12-2-16

OFFICIAL SEAL
KASSIDY L. TIMMONS
Notary Public - State of Illinois
My Commission Expires 9/28/2019

3

*EXHIBIT #1*



# ILLINOIS
## Department of Corrections

*www.idoc.state.il.us*
Gladyse C. Taylor, Acting Director
Pat Quinn, Governor

**Agency Links**

Director
IDOC Overview
IDOC Annual Report
Notice of Thomson CC Potential Closure
Tamms Overview and Ten-Point Plan
Prison Reform Initiatives
Director's Remarks
Eligibility Criteria
Supervised Electronic Detention
MGT/SMGT Impact List
Mission Statement
Inmate Search
Sex Registrant Search
Community Notification of Inmate Early Release
Facilities
Visitation Rules
IDOC News
Reports & Stats
Jobs @ IDOC
Industries
Victim Services
Correctional Conferences
Wanted Fugitives
Attorney FAQ
FAQ
Adult Advisory Board
Adult Redeploy IL Oversight Board
RANA Task Force
Contact Us
Employee Cost – Savings Suggestion Program
Employee Benefits Information
Illinois Department of Juvenile Justice
IDOC Home

**☐ State Links**
Government
Business
Employment
Education
Health & Safety
Family & Home
Travel & Recreation
About Illinois
Illinois.gov
Search Illinois

Go  [Search Tips]

about Identity Theft

**Inmate Search**

Press for Printer Friendly Version (no graphics)

Other Inmate Locators
Federal Inmate Locator

CHECK TO INCLUDE PHOTO ☐



*NO RECORD OF 99-CF-250 EXH 9,4,5,6 OR 99-CF-2511 11-09-1999*
*NO 78-CF-587 GUN ARMED ROBBERY EXHIBIT 20*

**A97572 - TOMERLIN, MANUEL M.**
Parent Institution: BIG MUDDY CORRECTIONAL CENTER
Offender Status: IN CUSTODY
Location: BIG MUDDY RIVER

Click here to register for notification on any changes to this offender's custody status

*PLEAS, sentence date 12-20-07*

**PHYSICAL PROFILE**
Date of Birth: 11/17/1961
Weight: 203 lbs.
Hair: Brown
Sex: Male
Height: 5 ft. 05 in.
Race: White
Eyes: Brown

**MARKS, SCARS, & TATTOOS**
TATTOO, ARM, LEFT – SCORPION/PEACOCK/WOMAN/CROSS
TATTOO, ARM, RIGHT – FALCON/CASTLE
TATTOO, CHEST - 2 DRAGONS(ULA DAGGER/HEART)
TATTOO, ARM, LEFT – DAGGER/BANNER/ROSE/BORNTOBEWILD
TATTOO, LEG, RIGHT – WOMAN/CHIAN W/HEART

**ADMISSION / RELEASE / DISCHARGE INFO**  *out again*
Admission Date: 12/27/2007
Projected Parole Date: 01/16/2012
Last Paroled Date:
Projected Discharge Date: 01/16/2015

**SENTENCING INFORMATION**

| MITTIMUS: | 07CF944 |
|---|---|
| CLASS: | X |
| COUNT: | 1 |
| OFFENSE: | MFG/DEL 15<100 GR COCA/ANALOG |
| CUSTODY DATE: | 04/16/2007 |
| SENTENCE: | 10 Years 0 Months 0 Days |
| COUNTY: | MADISON |
| SENTENCE DISCHARGED?: | NO |

| MITTIMUS: | 07CF944 |
|---|---|
| CLASS: | 2 |
| COUNT: | 1 |
| OFFENSE: | FELON POSS/USE FIREARM PRIOR |
| CUSTODY DATE: | 04/16/2007 |
| SENTENCE: | 10 Years 0 Months 0 Days |
| COUNTY: | MADISON |
| SENTENCE DISCHARGED?: | NO |

*12-20-07*

| | |
|---|---|
| MITTIMUS: | 00CF2879 |
| CLASS: | 1 |
| COUNT: | 1 |
| OFFENSE: | 2ND DEGREE MURDER/UNREASON |
| CUSTODY DATE: | 11/20/2000 |
| SENTENCE: | 10 Years 0 Months 0 Days |
| COUNTY: | MADISON |
| SENTENCE DISCHARGED?: | YES |

| | |
|---|---|
| MITTIMUS: | 00CF2879 |
| CLASS: | X |
| COUNT: | 1 |
| OFFENSE: | ARMED VIO/CATEGORY I WEAPON |
| CUSTODY DATE: | 11/20/2000 |
| SENTENCE: | 10 Years 0 Months 0 Days |
| COUNTY: | MADISON |
| SENTENCE DISCHARGED?: | YES |

*NO 99-CF-2511?*
*EXHIBITS*
*3,4,5*

| | |
|---|---|
| MITTIMUS: | 91CF507 |
| CLASS: | 1 |
| COUNT: | 1 |
| OFFENSE: | RESIDENTIAL BURGLARY |
| CUSTODY DATE: | 04/18/1991 |
| SENTENCE: | 15 Years 0 Months 0 Days |
| COUNTY: | MADISON |
| SENTENCE DISCHARGED?: | YES |

| | |
|---|---|
| MITTIMUS: | 91CF509 |
| CLASS: | 1 |
| COUNT: | 1 |
| OFFENSE: | RESIDENTIAL BURGLARY |
| CUSTODY DATE: | 04/18/1991 |
| SENTENCE: | 15 Years 0 Months 0 Days |
| COUNTY: | MADISON |
| SENTENCE DISCHARGED?: | YES |

*MANY OTHERS NOT LISTED*

| | |
|---|---|
| MITTIMUS: | 91CF506 |
| CLASS: | 1 |
| COUNT: | 1 |
| OFFENSE: | RESIDENTIAL BURGLARY |
| CUSTODY DATE: | 04/14/1991 |
| SENTENCE: | 15 Years 0 Months 0 Days |
| COUNTY: | MADISON |
| SENTENCE DISCHARGED?: | YES |

| | |
|---|---|
| MITTIMUS: | 91CF510 |
| CLASS: | 1 |
| COUNT: | 1 |
| OFFENSE: | RESIDENTIAL BURGLARY |
| CUSTODY DATE: | 04/14/1991 |
| SENTENCE: | 15 Years 0 Months 0 Days |
| COUNTY: | MADISON |
| SENTENCE DISCHARGED?: | YES |

| | |
|---|---|
| MITTIMUS: | 91CF508 |
| CLASS: | 1 |
| COUNT: | 1 |
| OFFENSE: | RESIDENTIAL BURGLARY |
| CUSTODY DATE: | 04/14/1991 |

| | |
|---|---|
| | 15 Years 0 Months 0 Days |
| COUNTY: | MADISON |
| SENTENCE DISCHARGED?: | YES |
| | |
| | |
| MITTIMUS: | 86CF654 |
| CLASS: | 1 |
| COUNT: | 1 |
| OFFENSE: | RESIDENTIAL BURGLARY |
| CUSTODY DATE: | 08/21/1986 |
| SENTENCE: | 9 Years 0 Months 0 Days |
| COUNTY: | MADISON |
| SENTENCE DISCHARGED?: | YES |
| | |
| | |
| MITTIMUS: | 86CF646 |
| CLASS: | 3 |
| COUNT: | 1 |
| OFFENSE: | THEFT >$300-$10K |
| CUSTODY DATE: | 08/21/1986 |
| SENTENCE: | 5 Years 0 Months 0 Days |
| COUNTY: | MADISON |
| SENTENCE DISCHARGED?: | YES |
| | |
| | |
| MITTIMUS: | 86CF673 |
| CLASS: | 1 |
| COUNT: | 1 |
| OFFENSE: | RESIDENTIAL BURGLARY |
| CUSTODY DATE: | 08/21/1986 |
| SENTENCE: | 9 Years 0 Months 0 Days |
| COUNTY: | MADISON |
| SENTENCE DISCHARGED?: | YES |
| | |
| | |
| MITTIMUS: | 86CF652 |
| CLASS: | 1 |
| COUNT: | 1 |
| OFFENSE: | RESIDENTIAL BURGLARY |
| CUSTODY DATE: | 08/21/1986 |
| SENTENCE: | 9 Years 0 Months 0 Days |
| COUNTY: | MADISON |
| SENTENCE DISCHARGED?: | YES |
| | |
| | |
| MITTIMUS: | 82CF71 |
| CLASS: | 3 |
| COUNT: | 2 |
| OFFENSE: | THEFT >$300-$10K |
| CUSTODY DATE: | 02/04/1982 |
| SENTENCE: | 7 Years 6 Months 0 Days |
| COUNTY: | MADISON |
| SENTENCE DISCHARGED?: | YES |
| | |
| | |
| MITTIMUS: | 82CF86 |
| CLASS: | 2 |
| COUNT: | 1 |
| OFFENSE: | BURGLARY |
| CUSTODY DATE: | 02/04/1982 |
| SENTENCE: | 7 Years 6 Months 0 Days |
| COUNTY: | MADISON |
| SENTENCE DISCHARGED?: | YES |
| | |
| | |
| MITTIMUS: | 82CF103 |
| CLASS: | 2 |

|  | 2 |
| --- | --- |
| OFFENSE: | BURGLARY |
| CUSTODY DATE: | 02/04/1982 |
| SENTENCE: | 7 Years 6 Months 0 Days |
| COUNTY: | MADISON |
| SENTENCE DISCHARGED?: | YES |
|  |  |
| MITTIMUS: | 79CF4 |
| CLASS: | 2 |
| COUNT: | 1 |
| OFFENSE: | BURGLARY |
| CUSTODY DATE: | 12/24/1978 |
| SENTENCE: | 5 Years 0 Months 0 Days |
| COUNTY: | MADISON |
| SENTENCE DISCHARGED?: | YES |
|  |  |
| MITTIMUS: | 79CF2 |
| CLASS: | 2 |
| COUNT: | 1 |
| OFFENSE: | BURGLARY |
| CUSTODY DATE: | 12/24/1978 |
| SENTENCE: | 5 Years 0 Months 0 Days |
| COUNTY: | MADISON |
| SENTENCE DISCHARGED?: | YES |
|  |  |
| MITTIMUS: | 79CF3 |
| CLASS: | 2 |
| COUNT: | 1 |
| OFFENSE: | BURGLARY |
| CUSTODY DATE: | 12/24/1978 |
| SENTENCE: | 5 Years 0 Months 0 Days |
| COUNTY: | MADISON |
| SENTENCE DISCHARGED?: | YES |
|  |  |
| MITTIMUS: | 78CF64 |
| CLASS: | 2 |
| COUNT: | 1 |
| OFFENSE: | BURGLARY |
| CUSTODY DATE: | 12/24/1978 |
| SENTENCE: | 4 Years 6 Months 0 Days |
| COUNTY: | JERSEY |
| SENTENCE DISCHARGED?: | YES |

*(handwritten annotations: "2nd ENT. '22 AGGRAVATED BATTERY", "EXHIBIT #20 NO 78-cF-587 GUN ARMED Robbery")*

The information made available on this database service is for the general public and law enforcement to promote the interest of public safety. The best effort has been made to ensure that information published is true and complete, however the information can quickly change. Accordingly, before making any assumption that said information is factual and complete, please send written correspondence to the Illinois Department of Corrections- Public Information Office, 1301 Concordia Court, P.O. Box 19277, Springfield, IL 62794-9277. Please see the Illinois Department of Corrections full disclaimer page for important information.

Copyright © 2002 IDOC



**Illinois Racing Board**
Thoroughbred License
MICHAEL
SPARKS
VENDOR
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
D.O.B.: 2/27/42
Issue: 3/26/2000
FP:   1/31/97

2000



ILLINOIS RACING BOARD
THOROUGHBRED
IDENTIFICATION CARD
FEBRUARY 26, 1991
SPARKS, MICHAEL L
OWNER-TRAINER
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   Thoro
2000
11064

Firearm Owner's Identification
Number        Birth Date
G0790547     02/27/42
SPARKS,MICHAEL L
7905 N STATE ROUTE 159
MORO IL 60267

Expiration Date
03/01/02
Sex Height Weight Hair Eyes
M  5 11   220 OTH BLU
CAUTION: This card does not permit bearer to
UNLAWFULLY carry or use firearms. This does not
authorize the carrying of a concealed weapon.
ILLINOIS STATE POLICE




GEORGE H. RYAN SECRETARY OF STATE     DRIVERS
NUMBER          EXPIRES              LICENSE
S162-5524-2058
MICHAEL L SPARKS
7905 N STATE RT 159
MORO IL 60267
HT    WT  SEX
5 11  200 M
ISSUED      CLASS
02566986



Indiana Horse
Racing Commission
**1999T** 952707
Lic Nbr
Date Licensed    Fingerprinted/State
09/11/99         11/25/96  IN



RACING COMMISSION        APR 01 54
2000
MR. MICHAEL L SPARKS
OWNER/TRAINER        Date of Birth
02/27/1942
Social Security Number   Date of Issue
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          01/11/2000
Signature

Dec 1, 2011   1:12 PM

KENNYTH A. WELLS
CLERK OF CENTRAL DIST. U.S. COURT          1-10-2017
I am 75 YR. old and need help to file civil
action complaint 42-1983. I have your instruction
form, BUT do NOT KNOW HOW TO DO A JOB YOU WILL
AccEPT.
                              from peoria
Please have a Big firm ↑↑ who can do good jobs
on this contact me. my people will pay them
or I will give 50 % of all recepts.
Please help me.
                    Thank you very much.
                    M. L. Sparks

The people who helped me with this is now
moved. please help.

MICHAEL SPARKS K98355
P.O.Box 1700
GALES BURG IL. 61402



US POSTAGE ⟩⟩PITNEY BOWES

ZIP 61401 $ 006.80⁰
02 4H
0000332356 JAN 11 2017

Michael L. Sparks # K 98355
Hill Correctional Center
P.O. Box 1700
Galesburg, Illinois 61402

Legal Mail
Privileged

THIS CORRESPONDENCE
IS FROM AN INMATE
IN THE ILLINOIS
DEPARTMENT OF
CORRECTIONS

KENNTH A WELLS
CLERK OF COURT
United States District Court
Central District of Illinois
Peoria Division
309 U.S. Courthouse
100 N.E. Monroe Street
Peoria, Illinois 61602