IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL L. SPARKS,                    ) | |
| )| |
| Plaintiff,                    ) | |
| ) | |
| vs.                    )                     | Case No. 17−cv–074−NJR |
| ) | |
| CHARLES ROMANI,                    ) | |
| KYLE NAPP,                    ) | |
| DON WEBER,                    ) | |
| and MADISON COUNTY ILLINOIS   ) | |
| OFFICIALS,                    ) | |
| ) | |
| Defendants.                    ) | |

## **MEMORANDUM AND ORDER**

**ROSENSTENGEL, District Judge:**

Plaintiff Michael Sparks, an inmate in Hill Correctional Center, brings this action for alleged deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff claims his procedural and substantive due process rights were violated during the course of his criminal trial and subsequent challenges to his conviction. (Doc. 1). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> 　　(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> 　　(2) seeks monetary relief from a defendant who is immune from such relief.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

### **The Complaint**

In his Complaint (Doc. 1), Plaintiff makes the following allegations: Plaintiff was forced to wear a stun belt during his criminal trial proceedings. (Doc. 1, p. 4). Plaintiff also was not allowed to use an expert witness during his criminal trial. *Id.* For the trial, the prosecutor utilized witness testimony in which the witness perjured himself to implicate Plaintiff in the crimes alleged. *Id.* For these reasons, according to the Complaint, "[t]he trial was infected and the [guilty] verdict from the jury cannot stand." *Id.*

Plaintiff both appealed and filed a post-conviction petition to challenge the verdict. (Doc. 1, pp. 5-6). The appeal was denied. (Doc. 1, p. 5). Further, though the criminal trial judge, Judge Charles Romani, recused himself after the court of appeals remanded Plaintiff's post-conviction petition, Judge Kyle Napp ultimately dismissed the post-conviction petition. (Doc. 1, p. 6). Plaintiff then filed a habeas corpus petition under 28 U.S.C. § 2254 citing the same issues

he cites in this action. *See Sparks v. Butler*, No. 14-cv-1044 (S.D. Ill. March 22, 2016). His habeas action is currently pending. *Id.*

## Discussion

At the outset, this Court must independently evaluate the substance of Plaintiff's claims to determine if the correct statute—in this case 42 U.S.C. § 1983—is being invoked. *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002) (court must evaluate independently the substance of the claim being brought, to see if correct statute is being invoked); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (dismissing § 1983 claims that should have been brought as petitions for writ of habeas corpus). A petition for a writ of habeas corpus is the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody-whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). A civil rights complaint brought pursuant to 42 U.S.C. § 1983 is proper if the prisoner "is challenging the conditions rather than the fact of confinement." *Graham*, 922 F.2d at 381; *see also Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999).

In his request for relief, Plaintiff specifically seeks an injunction ordering defendants to "release the Plaintiff from imprisonment" and "immediately arrange the return of the plaintiff back to where he was before the illegal acts of defendants, returning the commodity of liberty to the plaintiff." (Doc. 1, p. 14). Such a request does not belong in an action under 42 U.S.C. § 1983. It appears Plaintiff is aware of this fact, as he is party to an ongoing habeas corpus case under 28 U.S.C. § 2254. *See Sparks v. Butler*, No. 14-cv-1044 (S.D. Ill. Mar. 22, 2016). In his habeas proceeding, Plaintiff makes the same allegations of impropriety involving the use of a stun belt during his criminal proceedings and the defendants' reliance on Tomerlin, an inmate

who was housed in the same cellblock as defendant, as a witness in the trial. *Id.* at Doc. 1, p. 4.

Plaintiff also seeks monetary relief from the defendants, along with a declaration that the defendants committed judicial and prosecutorial misconduct and improperly forced him to wear a stun belt during trial, thereby infringing his right to a fair and impartial trial. (Doc. 1, pp. 13-14). Plaintiff's request for monetary damages and declaratory relief is premature. The Supreme Court has explained:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (emphasis in original). "We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id.* at 489.

Plaintiff's requested declaratory and monetary relief would necessarily imply, if not blatantly declare, that Plaintiff's conviction was invalid. Thus, unless Plaintiff's ongoing habeas corpus action resolves in his favor, Plaintiff cannot pursue his requested relief in this § 1983

4

action. This case will therefore be dismissed. Because Plaintiff may be able to pursue some of his claims if his conviction is invalidated, this dismissal will be without prejudice.

## Pending Motions

Plaintiff has filed a Motion for Leave to File Memorandum which is hereby **DENIED as moot**, as this case is being dismissed.

Plaintiff has filed a Motion for Extension of Time and Court Order for Use/Access to Law Library which is hereby **DENIED as moot**, as this case is being dismissed.

## Disposition

**IT IS HEREBY ORDERED** that the Complaint and this action are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted as to Plaintiff's request for damages, which is barred under the doctrine announced in *Heck*. Plaintiff's request for release is **DISMISSED** with prejudice from this § 1983 action; this Order does not preclude Plaintiff from pursuing this request for relief in an on-going or newly-filed habeas action.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). A dismissal without prejudice may count as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim. *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011); *Evans v. Ill. Dep't of Corr.* 150 F.3d 810, 811 (7th Cir. 1998). A complaint that is barred by *Heck* is considered legally frivolous and counts as a strike under 28 U.S.C. § 1915(g). *Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the

appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: March 7, 2017**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**